UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,
for the use of A. West Enterprise, LLC,

     Plaintiff,

v.                             Case No. _____

DRACE CONSTRUCTION CORP.
and U.S. SPECIALTY INSURANCE COMPANY,

     Defendants.

_____

## COMPLAINT
_____

COMES NOW, The UNITED STATES OF AMERICA, for the use and benefit of A. West Enterprise, LLC, (hereinafter "A. West," as context dictates), Plaintiff herein, by and through undersigned counsel, and files this Complaint against DRACE CONSTRUCTION CORP. ("Drace") and U.S. SPECIALTY INSURANCE COMPANY ("U.S. Specialty"), Defendants herein, respectfully showing this Honorable Court the following in support thereof:

### ALLEGATIONS RELATED TO JURISDICTION AND VENUE

1.

A. West, use Plaintiff herein, is a limited liability company organized by and

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 1

pursuant to, and existing under, the laws of the State of Georgia. A. West's principal place of business is in the State of Georgia and is not located in the State of Mississippi, the State of Maryland, or the State of Texas.

## 2.

Drace is a corporation organized by and pursuant to, and existing under, the laws of the State of Mississippi, having its principal place of business within the State of Mississippi. At all times material to this Complaint, Drace was duly authorized to transact business as a Foreign Profit Corporation in the State of Georgia; as such Drace is subject to the personal jurisdiction of this Court. Drace may be served with a summons and copy of this Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, through its Registered Agent, CT Corporation, 1200 Peachtree Street, Atlanta, Fulton County, Georgia 30361.

## 3.

U.S. Specialty is an insurance company organized by and pursuant to, and existing under, the laws of the State of Maryland, having its principal place of business within the State of Texas. At all times material to this Complaint, U.S. Specialty was duly authorized to transact business as a Foreign Insurance Company in the State of Georgia; as such U.S. Specialty is subject to the personal jurisdiction of this Court. U.S. Specialty may be served with a summons and copy of this

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 2

Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, through its Registered Agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Fulton County, Georgia 30046-4805.

4.

This Court has subject matter jurisdiction of this action pursuant to the Miller Act, 40 U.S.C. §§ 3131 to 3134.

5.

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6.

This Court has subject jurisdiction over the state and common law causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1367.

7.

Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 40 U.S.C. §3133(b)(3)(B), because the Prime Contract[1] (as defined and described herein, below) between Drace, as prime contractor on the

---

[1] Capitalized terms and phrases used throughout the instant Complaint shall be ascribed their respective meanings as defined and described in the Complaint.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 3

Project (as defined and described herein, below), and the United States of America, acting by and through the U.S. Army Corps of Engineers (USACE), Savannah District, as the federal governmental contracting authority, was executed and was to be performed in Cobb County, Georgia, which County is and at all times material to this Complaint was located in the Northern District of Georgia.

8.

Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to A. West's claims in this Complaint occurred, or a substantial part of property that is the subject of the action is situated in the Northern District of Georgia.

9.

Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §1391(b)(3) because Drace and/or U.S. Specialty is/are subject to the personal jurisdiction of this Court.

10.

Venue is proper in the Atlanta Division of this Court pursuant to Local Rule 3.1(B)(3) of the Local Rules for the United States District Court for the Northern District of Georgia.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 4

## STATEMENT OF FACTS

11.

A. West incorporates the factual allegations asserted in paragraphs 1-10 of this Complaint as if fully stated herein.

### The Prime Contract and Subcontract

12.

On or about September 21, 2017, the United States of America, acting by and through the U.S. Army Corps of Engineers (USACE), Savannah District, and Drace, as prime contractor, entered into a certain construction contract, Contract No. W912QR-17-C-0038, dated on or about September 21, 2017, ("Prime Contract"), pursuant to which Drace agreed to construct new fire station facilities at Dobbins Air Reserve Base in Marietta, Georgia ("Project") for and in consideration of the original amount of the Prime Contract of $8,890,644.88.

13.

Pursuant to and in consideration of the Prime Contract, on or about September 26, 2017, Drace, as principal, and U.S. Specialty, as surety, executed and delivered to the United States of America that certain Payment Bond, Bond No. 1001088199, ("Payment Bond"), conditioned as required by the Miller Act, 40 U.S.C. § 3131, et seq., for the protection of all persons supplying labor and materials in the prosecution

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 5

of the work provided for in the Prime Contract, including but not limited to A. West.

14.

A true and correct copy of the Payment Bond is attached hereto and incorporated herein by reference as "Exhibit 1."

15.

The Payment Bond was duly accepted by the United States of America.

16.

On or about March 7, 2018, Drace executed and entered into a certain Subcontract with A. West, dated on or about February 9, 2018, ("Subcontract"), pursuant to which A. West agreed to furnish certain electrical work required for the Project under the Prime Contract for and in consideration of the original amount of the Subcontract of $1,951,587.00, said scope of work of A. West being more fully described and identified in the Subcontract.

17.

A true and correct copy of the Subcontract is attached hereto and incorporated herein by reference as "Exhibit 2."

18.

Pursuant to the Subcontract, the Subcontract incorporated additional provisions by reference into the Subcontract, including, among others, the full text

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 6

of those certain Federal Acquisition Regulations ("FAR") Clauses referenced in "Attachment D" to the Subcontract.

19.

The Subcontract incorporated, or incorporated the substance of, FAR 52.232-27 (Prompt Payment for Construction Contracts).

20.

At all times material to this Complaint, FAR 52.232-27(c) provided, and provides, in pertinent part:

(c) *Subcontract clause requirements*. The Contractor [Drace] shall include in each subcontract for property or services (including a material supplier) [i.e., the Subcontract] for the purpose of performing this contract [i.e., the Prime Contract] the following:

(1) *Prompt payment for subcontractors*. A payment clause that obligates the Contractor to pay the subcontractor [A. West] for satisfactory performance under its [S]ubcontract not later than 7 days from receipt of payment out of such amounts as are paid to the Contractor under this contract.

(2) *Interest for subcontractors*. An interest penalty clause that obligates the Contractor to pay to the subcontractor an interest penalty for each payment not made in accordance with the payment clause-

(i) For the period beginning on the day after the required payment date and ending on the date on which payment of the amount due is made; and

(ii) Computed at the rate of interest established by the Secretary of the Treasury, and published in the Federal Register, for interest payments

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 7

under 41 U.S.C. 7109 in effect at the time the Contractor accrues the obligation to pay an interest penalty.

21.

At all times material to this Complaint, FAR 52.232-27(e) provided, and

provides, in pertinent part:

(e) *Subcontractor withholding procedures*. If a Contractor [Drace], after making a request for payment to the Government [USACE] but before making a payment to a subcontractor [A. West] for the subcontractor's performance covered by the payment request, discovers that all or a portion of the payment otherwise due such subcontractor is subject to withholding from the subcontractor in accordance with the subcontract agreement [i.e., the Subcontract], then the Contractor shall-

(1) *Subcontractor notice*. Furnish to the subcontractor a notice conforming to the standards of paragraph (g) of this clause as soon as practicable upon ascertaining the cause giving rise to a withholding, but prior to the due date for subcontractor payment;

(2) *Contracting Officer notice*. Furnish to the Contracting Officer, as soon as practicable, a copy of the notice furnished to the subcontractor pursuant to paragraph (e)(1) of this clause;

(3) *Subcontractor progress payment reduction*. Reduce the subcontractor's progress payment by an amount not to exceed the amount specified in the notice of withholding furnished under paragraph (e)(1) of this clause;

(4) *Subsequent subcontractor payment*. Pay the subcontractor as soon as practicable after the correction of the identified subcontract performance deficiency, and-

(i) Make such payment within-

(A) Seven days after correction of the identified subcontract performance deficiency (unless the funds therefor must be recovered

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 8

from the Government because of a reduction under paragraph (e)(5)(i)) of this clause; or

(B) Seven days after the Contractor recovers such funds from the Government; or

(ii) Incur an obligation to pay a late payment interest penalty computed at the rate of interest established by the Secretary of the Treasury, and published in the Federal Register, for interest payments under 41 U.S.C. 7109 in effect at the time the Contractor accrues the obligation to pay an interest penalty[.]

22.

In turn, at all times material to this Complaint, FAR 52.232-27(g) provided, and provides:

(g) *Written notice of subcontractor withholding*. The Contractor [Drace] shall issue a written notice of any withholding to a subcontractor [A. West] (with a copy furnished to the Contracting Officer), specifying-

(1) The amount to be withheld;

(2) The specific causes for the withholding under the terms of the subcontract; and

(3) The remedial actions to be taken by the subcontractor in order to receive payment of the amounts withheld.

23.

After entering into the Subcontract with Drace, A. West completed substantial work under the Subcontract, in furtherance of the Prime Contract, including furnishing labor and services for the benefit of Drace, among others.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 9

24.

Throughout the course of A. West's work on the Project, the work originally described in the Subcontract was amended by changes in the scope of A. West's work under the Subcontract, duly authorized and accepted by Drace in accordance with the Subcontract in the total amount of $59,115.25, increasing the total price of the Subcontract from $1,951,587.00 to $2,010,702.25 (collectively, "Change Orders").

25.

The final of the Change Orders (identified by Drace as "Change Order 10") was signed by or on behalf of Drace on or about December 1, 2022, with A. West completing the work in accordance therewith and the Subcontract on or about December 7, 2022.

26.

A true and correct copy of the referenced "Change Order 10" is attached hereto and incorporated herein by reference as "Exhibit 3."

**A. West's Payment Application Nos. 17-28**

27.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 10

Payment/Application No. 017, dated on or about May 19, 2020, in the principal amount of $69,462.21 ("Application # 17").

28.

A true and correct copy of Application # 17 is attached hereto and incorporated herein by reference as "Exhibit 4."

29.

Drace never objected to A. West's submission of Application # 17 and has not objected to the work of A. West reflected thereon.

30.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $6,946.22 from payment to A. West on Application # 17.

31.

Prior to withholding the amount of $6,946.22 owing on Application # 17, Drace had not withheld any payment to A. West in connection with any work completed under the Subcontract.

32.

Drace withheld the amount of $6,946.22 from payment on Application # 17 without prior written notice to A. West.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 11

33.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 018, dated on or about June 26, 2020, in the principal amount of $34,223.27 ("Application # 18").

34.

A true and correct copy of Application # 18 is attached hereto and incorporated herein by reference as "Exhibit 5."

35.

Drace never objected to A. West's submission of Application # 18 and has not objected to the work of A. West reflected thereon.

36.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $3,422.32 from payment to A. West on Application # 18.

37.

Drace withheld the amount of $3,422.32 from payment on Application # 18 without prior written notice to A. West.

38.

In connection with the work A. West completed at the Project, pursuant to the

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 12

Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 019, dated on or about July 22, 2020, in the principal amount of $14,812.79 ("Application # 19").

39.

A true and correct copy of Application # 19 is attached hereto and incorporated herein by reference as "Exhibit 6."

40.

Drace never objected to A. West's submission of Application # 19 and has not objected to the work of A. West reflected thereon.

41.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $1,481.28 from payment to A. West on Application # 19.

42.

Drace withheld the amount of $1,481.28 from payment on Application # 19 without prior written notice to A. West.

43.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 020, dated on or about August 24, 2020, in the principal

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 13

amount of $85,150.65 ("Application # 20").

44.

A true and correct copy of Application # 20 is attached hereto and incorporated herein by reference as "Exhibit 7."

45.

Drace never objected to A. West's submission of Application # 20 and has not objected to the work of A. West reflected thereon.

46.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $8,515.07 from payment to A. West on Application # 20.

47.

Drace withheld the amount of $8,515.07 from payment on Application # 20 without prior written notice to A. West.

48.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 021, dated on or about September 22, 2020, in the principal amount of $89,678.55 ("Application # 21").

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 14

49.

A true and correct copy of Application # 21 is attached hereto and incorporated herein by reference as "Exhibit 8."

50.

Drace never objected to A. West's submission of Application # 21 and has not objected to the work of A. West reflected thereon.

51.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $8,967.86 from payment to A. West on Application # 21.

52.

Drace withheld the amount of $8,967.86 from payment on Application # 21 without prior written notice to A. West.

53.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 022, dated on or about October 19, 2020, in the principal amount of $23,611.67 ("Application # 22").

54.

A true and correct copy of Application # 22 is attached hereto and

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 15

incorporated herein by reference as "Exhibit 9."

55.

Drace never objected to A. West's submission of Application # 22 and has not objected to the work of A. West reflected thereon.

56.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $2,361.16 from payment to A. West on Application # 22.

57.

Drace withheld the amount of $2,361.16 from payment on Application # 22 without prior written notice to A. West.

58.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 023, dated on or about November 23, 2020, in the original principal amount of $103,726.80, which amount, upon the directive of Drace, was subsequently reduced and resubmitted by A. West to Drace in a revised Payment/Application No. 023, dated on or about November 23, 2020, in the principal amount of $93,004.76 ("Application # 23").

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 16

59.

A true and correct copy of Application # 23 is attached hereto and incorporated herein by reference as "Exhibit 10."

60.

Drace never objected to A. West's submission of Application # 23 and has not objected to the work of A. West reflected thereon.

61.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $6,671.73 from payment to A. West on Application # 23.

62.

Drace withheld the amount of $6,671.73 from payment on Application # 23 without prior written notice to A. West.

63.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 024, dated on or about December 28, 2020, in the original principal amount of $13,265.11, which amount, upon the directive of Drace, was subsequently reduced and resubmitted by A. West to Drace in a revised Payment/Application No. 024, dated on or about December 28, 2020, in the principal

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 17

amount of $11,958.71 ("Application # 24").

64.

A true and correct copy of Application # 24 is attached hereto and incorporated herein by reference as "Exhibit 11."

65.

Drace never objected to A. West's submission of Application # 24 and has not objected to the work of A. West reflected thereon.

66.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $1,195.87 from payment to A. West on Application # 24.

67.

Drace withheld the amount of $1,195.87 from payment on Application # 24 without prior written notice to A. West.

68.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 025, dated on or about January 25, 2021, in the principal amount of $23,636.66 ("Application # 25").

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 18

69.

A true and correct copy of Application # 25 is attached hereto and incorporated herein by reference as "Exhibit 12."

70.

Drace never objected to A. West's submission of Application # 25 and has not objected to the work of A. West reflected thereon.

71.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $7,647.06 from payment to A. West on Application # 25.

72.

Drace withheld the amount of $7,647.06 from payment on Application # 25 without prior written notice to A. West.

73.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 026, dated on or about May 4, 2021, in the principal amount of $24,693.45 ("Application # 26").

74.

A true and correct copy of Application # 26 is attached hereto and

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 19

incorporated herein by reference as "Exhibit 13."

75.

Drace never objected to A. West's submission of Application # 26 and has not objected to the work of A. West reflected thereon.

76.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $2,469.35 from payment to A. West on Application # 26.

77.

Drace withheld the amount of $2,469.35 from payment on Application # 26 without prior written notice to A. West.

78.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 027, dated on or about May 26, 2021, in the principal amount of $4,904.25 ("Application # 27").

79.

A true and correct copy of Application # 27 is attached hereto and incorporated herein by reference as "Exhibit 14."

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 20

80.

Drace never objected to A. West's submission of Application # 27 and has not objected to the work of A. West reflected thereon.

81.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $490.42 from payment to A. West on Application # 27.

82.

Drace withheld the amount of $490.42 from payment on Application # 27 without prior written notice to A. West.

83.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 028, dated on or about June 24, 2021, in the principal amount of $408,584.00 ("Application # 28").

84.

A true and correct copy of Application # 28 is attached hereto and incorporated herein by reference as "Exhibit 15."

85.

Drace never objected to A. West's submission of Application # 28 and has not

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 21

objected to the work of A. West reflected thereon.

86.

Drace withheld, and as of the date of this Complaint continues to withhold, the amount of $40,858.40 from payment to A. West on Application # 28.

87.

Drace withheld the amount of $40,858.40 from payment on Application # 28 without prior written notice to A. West.

## A. West's Payment Application Nos. 29-31

88.

In connection with the work A. West completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 029, dated on or about October 6, 2021, in the principal amount of $10,371.45 ("Application # 29").

89.

A true and correct copy of Application # 29 is attached hereto and incorporated herein by reference as "Exhibit 16."

90.

Drace never objected to A. West's submission of Application # 29 and has not objected to the work of A. West reflected thereon.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 22

91.

Drace failed to pay, and as of the date of this Complaint has continued in its failure to pay, A. West all amounts owing on Application # 29.

92.

In connection with the work completed at the Project, pursuant to the Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 030, dated on or about January 25, 2022, in the principal amount of $5,000.00 ("Application # 30").

93.

A true and correct copy of Application # 30 is attached hereto and incorporated herein by reference as "Exhibit 17."

94.

Drace never objected to A. West's submission of Application # 30 and has not objected to the work of A. West reflected thereon.

95.

Drace failed to pay, and as of the date of this Complaint has continued in its failure to pay, A. West all amounts owing on Application # 30.

96.

In connection with the work completed at the Project, pursuant to the

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 23

Subcontract, A. West submitted to Drace Application and Certificate for Payment/Application No. 031, dated on or about December 19, 2022, in the principal amount of $5,802.00 ("Application # 31").

97.

A true and correct copy of Application # 31 is attached hereto and incorporated herein by reference as "Exhibit 18."

98.

Drace never objected to A. West's submission of Application # 31 and has not objected to the work of A. West reflected thereon.

99.

Drace failed to pay, and as of the date of this Complaint has continued in its failure to pay, A. West all amounts owing on Application # 31.

**A. West's Invoice to Drace for Amounts Withheld**

100.

On March 30, 2022, A. West rendered and forwarded to Drace a certain Invoice, dated March 30, 2022, in the total principal amount of $91,026.74, representing all amounts which had been withheld from payment to A. West on Application # 17 - Application # 28 (collectively, the "Withheld Amounts").

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 24

101.

A true and correct copy of the Invoice is attached hereto and incorporated herein by reference as "Exhibit 19."

102.

Drace has never objected to the Invoice.

103.

Drace has failed to pay A. West all amounts reflected on the Invoice.

104.

A. West has demanded that Drace pay A. West all Withheld Amounts, as reflected on the Invoice or otherwise, and all amounts due in connection with Applications # 29 - # 31.

105.

As of the date of this Complaint, Drace has failed and refused to respond to A. West's demand for payment.

106.

As of the date of this Complaint, A. West has completed its scope of work on the Project and fully performed under the Subcontract, as modified by the Change Orders.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 25

107.

All conditions precedent, if any, to filing this Complaint and seeking the relief requested herein have been waived or have been complied with, discharged, performed, or otherwise satisfied.

## **COUNT I**

### **BREACH OF CONTRACT**
### **(Defendant Drace)**

108.

A. West incorporates the factual allegations asserted in paragraphs 12-99 and 104-107 of this Complaint as if fully stated herein.

109.

By virtue of the Subcontract, A. West and Drace had an agreement concerning the payment by Drace for the services A. West rendered to Drace at the Project.

110.

Drace breached the Subcontract with A. West by failing to pay it all amounts due under the Subcontract, including the Withheld Amounts and those due on Applications # 29 - # 31, pursuant to the payment provisions included or incorporated into the Subcontract, including those set forth in FAR 52.232-27.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 26

111.

The failure of Drace to pay A. West as required constitutes a material breach of and default by Drace in the terms of the Subcontract.

112.

Drace breached the Subcontract by withholding the Withheld Amounts, and all amounts due on Applications # 29 - # 31, from payment to A. West without providing notice of withholding in accordance with FAR 52.232-27.

113.

The failure of Drace to provide notice of withholding to A. West as required constitutes a material breach of and default by Drace in the terms of the Subcontract.

114.

Upon information and belief, Drace breached the Subcontract by failing to request payment from USACE for all amounts due on one or more of the Applications which A. West submitted to Drace in connection with the work completed at the Project.

115.

The failure of Drace to request payment from USACE for all amounts due on one or more of the Applications which A. West submitted to Drace constitutes a material breach of and default by Drace in the terms of the Subcontract.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 27

116.

As of the date of this Complaint, A. West remains entitled to recover the outstanding principal amount remaining due on the Applications, collectively, which totals the amount of $112,200.19, together with interest on all unpaid principal amounts in the amount provided pursuant to the payment provisions included or incorporated into the Subcontract, including those set forth in FAR 52.232-27, or otherwise at the legal rate of interest.

117.

Drace's breach of the Subcontract has resulted in money damages to A. West which, as of the date of this Complaint, total an amount not less than the principal amount of $112,200.19, together with interest on all unpaid principal amounts in the amount provided pursuant to the payment provisions included or incorporated into the Subcontract, including those set forth in FAR 52.232-27, or otherwise at the legal rate of interest, and Drace is liable to A. West therefor.

118.

As a result of the failures of Drace to pay A. West all amounts due on the Applications, A. West has been required to engage the services of Moore, Clarke, DuVall & Rodgers, P.C. ("MCDR") as its attorneys at law, and A. West is obligated to pay MCDR a reasonable fee for its services rendered to A. West.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 28

119.

In addition to the foregoing amounts of principal and interest, pursuant to the Subcontract, A. West is entitled to be fully compensated for its costs incurred for attorney's fees, among others, for which Drace is liable to A. West.

120.

In accordance with O.C.G.A. § 13-1-11, A. West shall enforce the provisions in the Subcontract relative to payment of attorney's fees, in addition to the principal and interest, and Drace has ten (10) days from the date of service of this Complaint on Drace to pay A. West the principal and interest owing on the Subcontract without the attorney's fees.

121.

If Drace shall pay the principal and interest owing on the Subcontract, in full, before the expiration of ten (10) days from the date of service of this Complaint on Drace, then the obligation to pay the attorney's fees shall be void unenforceable.

122.

Drace has acted in bad faith, has been stubbornly litigious, or has caused A. West unnecessary trouble and expense; thus, in addition to the foregoing amounts of principal and interest, pursuant to O.C.G.A. § 13-6-11, A. West is entitled to recover its expenses of litigation, including attorney's fees, from Drace.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 29

## COUNT II

**PAYMENT BOND**
**(Defendants Drace and U.S. Specialty)**

### 123.

A. West incorporates the factual allegations asserted in paragraphs 12-99 and 104-107 of this Complaint as if fully stated herein.

### 124.

Drace breached its Subcontract with A. West as more fully set forth in paragraphs 110, 112, and 114 of this Complaint, which are hereby incorporated as if fully stated herein.

### 125.

As of the date of this Complaint, a period of more than 90 days has elapsed since the date on which A. West performed the last labor and work reflected on the Applications, which date was December 7, 2022, and A. West has not been paid in full for such labor and work performed for prosecution of the Prime Contract.

### 126.

As of the date of this Complaint, the Payment Bond remains in full force and effect and the joint and several obligations of Drace and U.S. Specialty arising pursuant thereto and thereunder have not been rendered void.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 30

127.

As of the date of this Complaint, A. West remains entitled to recover the outstanding principal amount remaining due on the Applications, collectively, which totals the amount of $112,200.19, together with interest on all unpaid principal amounts in the amount provided pursuant to the payment provisions included or incorporated into the Subcontract, including those set forth in FAR 52.232-27, or otherwise at the legal rate of interest.

128.

Pursuant to the Payment Bond and applicable law, including 40 U.S.C. § 3131, et seq., as of the date of this Complaint, Drace and U.S. Specialty are jointly and severally liable to A. West in an amount not less than the principal amount of $112,200.19, together with interest on all unpaid principal amounts in the amount provided pursuant to the payment provisions included or incorporated into the Subcontract, including those set forth in FAR 52.232-27, or otherwise at the legal rate of interest.

129.

As a result of A. West not being paid all principal and interest owing on the Subcontract, A. West has been required to engage the services of MCDR as its attorneys at law, and A. West is obligated to pay MCDR a reasonable fee for its

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 31

services rendered to A. West.

130.

In addition to the foregoing amounts of principal and interest, pursuant to the Subcontract, A. West is entitled to be fully compensated for its costs incurred for attorney's fees, among others, for which the Defendants are jointly and severally liable to A. West.

131.

Defendants have each acted in bad faith, have been stubbornly litigious, or have caused A. West unnecessary trouble and expense; thus, in addition to the foregoing amounts, pursuant to O.C.G.A. § 13-6-11, A. West is entitled to recover its expenses of litigation, including attorney's fees.

## <u>COUNT III</u>

### ACCOUNT STATED CONCERNING THE WITHHELD AMOUNTS
### (Defendant Drace)

132.

A. West incorporates the factual allegations asserted in paragraphs 12-87 and 100-107 of this Complaint as if fully stated herein.

133.

In connection with the work A. West completed at the Project, A. West

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 32

prepared and rendered the Invoice concerning the Withheld Amounts to Drace.

134.

Drace agreed to the Invoice and the work of A. West reflected on the Applications referenced in that Invoice, and Drace promised to pay A. West the amounts due on the Invoice.

135.

Drace has failed to pay A. West all amounts reflected on the Invoice.

136.

Drace is liable to pay A. West all amounts due on the Invoice which, as of the date of this Complaint, totals an amount not less than $117,332.22, including $91,026.74 in principal and interest thereon in the amount of $26,305.48, together with interest continuing to accrue on the principal amount from the date of this Complaint at the rate of 1.5% per month, or $44.89 per day per day, until paid or until judgment is entered in favor of A. West and against Drace.

137.

As a result of A. West not being paid on the Invoice, A. West has been required to engage the services of MCDR as its attorneys at law, and A. West is obligated to pay MCDR a reasonable fee for its services rendered to A. West.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 33

138.

Drace has acted in bad faith, has been stubbornly litigious, or has caused A. West unnecessary trouble and expense; thus, in addition to the foregoing amounts, pursuant to O.C.G.A. § 13-6-11, A. West is entitled to recover its expenses of litigation, including attorney's fees.

## COUNT IV

## OPEN ACCOUNT
### (Defendant Drace)

139.

A. West incorporates the factual allegations asserted in paragraphs 12-87 and 100-107 of this Complaint as if fully stated herein.

140.

Throughout the course of A. West's work on the Project, A. West performed its work at an agreed upon price, subject to future settlement by Drace as reflected by the Applications and Invoice.

141.

A. West rendered and submitted the Applications and Invoice to Drace during the course of A. West's work on the Project, as such work reflected thereon was completed.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 34

142.

Drace received the Applications and Invoice from A. West and did not object thereto.

143.

Despite this, Drace has failed to pay A. West all amounts reflected on the Applications and Invoice as agreed.

144.

Drace is obligated to pay A. West all amounts due in connection with each of the Applications, including, among others, those amounts reflected on the Invoice.

145.

As of the date of this Complaint, the amount due A. West on the Invoice totals an amount not less than $117,332.22, including $91,026.74 in principal and interest thereon in the amount of $26,305.48, together with interest continuing to accrue on the principal amount from the date of this Complaint at the rate of 1.5% per month, or $44.89 per day per day, until paid or until judgment is entered in favor of A. West and against Drace.

146.

As a result of A. West not being paid all amounts due for the work completed at the Project, A. West has been required to engage the services of MCDR as its

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 35

attorneys at law, and A. West is obligated to pay MCDR a reasonable fee for its services rendered to A. West.

147.

Drace has acted in bad faith, has been stubbornly litigious, or has caused A. West unnecessary trouble and expense; thus, in addition to the foregoing amounts, pursuant to O.C.G.A. § 13-6-11, A. West is entitled to recover its expenses of litigation, including attorney's fees.

## COUNT V

## UNJUST ENRICHMENT
### (Defendant Drace)

148.

A. West incorporates the factual allegations asserted in paragraphs 12-107 of this Complaint as if fully stated herein.

149.

A. West rendered services to Drace as shown and valued at the amounts reflected on the Applications and Invoice.

150.

A. West's rendering of the services to Drace was not gratuitous to Drace.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 36

151.

Drace accepted, or accepted the benefit of, the services reflected on the Applications and Invoice.

152.

Drace has benefitted from its acceptance of the services reflected on the Applications and Invoice.

153.

Drace has not paid A. West for all the services reflected on the Applications and Invoice or furnished any other thing of value to A. West in consideration of the amounts due A. West for the services reflected on the Applications and Invoice.

154.

If A. West is not in any way compensated by Drace for the services reflected on the Applications and Invoice, Drace will have been unjustly enriched.

155.

Drace is liable to A. West in an amount not less than the reasonable value of the goods and/or services, as reflected on the Applications and Invoice, together with interest.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 37

## COUNT VI

## QUANTUM MERUIT
### (Defendant Drace)

156.

A. West incorporates the factual allegations asserted in paragraphs 12-107 of this Complaint as if fully stated herein.

157.

A. West rendered services to Drace as shown and valued at the amounts reflected on the Applications and Invoice.

158.

A. West's rendering of the services to Drace was not gratuitous to Drace.

159.

Drace accepted, or accepted the benefit of, the services reflected on the Applications and Invoice.

160.

Drace has benefitted from its acceptance of the services reflected on the Applications and Invoice.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 38

161.

In exchange for the services reflected on the Applications and Invoice, A. West expected to receive payment from Drace in the amounts reflected thereon.

162.

To the extent A. West did not receive payment from Drace as expected, A. West reasonably expected Drace to otherwise compensate A. West for those services.

163.

A. West has not received payment from Drace for all the services reflected on the Applications and Invoice, and Drace has failed to furnish any other thing of value to A. West in consideration of the services Drace received from A. West.

164.

If A. West is not in any way compensated by Drace for the services reflected on the Applications and Invoice, Drace will have been unjustly enriched.

165.

Drace is liable to A. West in an amount not less than the reasonable value of the goods and/or services, as reflected on the Applications and Invoice, together with interest.

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 39

## **PRAYER FOR RELIEF**

WHEREFORE, A. West respectfully prays that this Honorable Court:

1.      Issue process and that Defendants be served and required to appear as provided by law;

2.      With respect to Count I, enter judgment in favor of A. West and against Defendant Drace for all damages incurred and suffered by A. West, including, but not limited to, the amount which will compensate A. West for the loss which a fulfillment of the Subcontract would have prevented or the breach of it entailed;

3.      With respect to Count II, enter judgment in favor of A. West and against Defendants Drace and U.S. Specialty, jointly and severally, on the Payment Bond for all damages incurred and suffered by A. West, including, but not limited to, the amount which will compensate A. West for the loss which a fulfillment of the Subcontract would have prevented or the breach of it entailed;

4.      With respect to Count III, enter judgment in favor of A. West and against Defendant Drace for all damages incurred and suffered by A. West resulting from Drace's failure to pay the stated account;

5.      With respect to Count IV, enter judgment in favor of A. West and

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 40

against Defendant Drace for all damages incurred and suffered by A. West resulting from Drace's failure to pay the outstanding and unpaid account in favor of A. West;

6. With respect to Count V, enter judgment in favor of A. West and against Defendant Drace for all damages incurred and suffered by A. West in connection with the unjust enrichment of Drace;

7. With respect to Count VI, enter judgment in favor of A. West and against Defendant Drace for all damages incurred and suffered by A. West in connection with the unjust enrichment of Drace;

8. Award A. West nominal damages;

9. Award A. West all pre-judgment interest as provided by law;

10. Enter each award and/or judgment against Defendants, jointly and severally, as provided by law and as may be warranted;

11. Grant A. West a trial by jury; and

12. Grant A. West any and all such other and further relief as is proper.

*[Signatures Appears on Next Page]*

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 41

**RESPECTFULLY SUBMITTED**, this 6th day of November, 2023.

MOORE CLARKE DUVALL & RODGERS, P.C.

*/s/Matthew E. Eutzler*
**MATTHEW E. EUTZLER**
Georgia State Bar No. 102706
*Attorneys for Plaintiff*
2611 N. Patterson Street, 2nd Floor (31602)
P.O. Box 4540
Valdosta, Georgia 31601-4540
Telephone:  229-245-7823
E-Mail:  meutzler@mcdr-law.com
E-Mail:  btaylor@mcdr-law.com

U.S.A. for the use of A. West Enterprise, LLC v. Drace Construction Corp. et al.
United States District Court for the Northern District of Georgia
Complaint
Page 42